# UNITED STATES COURT OF APPEALS
# FOR THE FIRST CIRCUIT

| | | |
|---|---|---|
| **State of New Hampshire,** | ) | |
| | ) | |
| **Appellee,** | ) | |
| **v.** | ) | **No. 24-1943** |
| | ) | |
| **Destinie L. Berard,** | ) | |
| | ) | |
| **Appellant** | ) | |

---

## RESPONSE AND OBJECTION TO MOTION TO DISMISS

---

NOW COMES Appellant Destinie L. Berard, *pro se*, and respectfully requests for this appeal not to be dismissed. In support thereof, Ms. Berard further states:

1. As this Court has observed, "time limits are not 'mandatory and jurisdictional' in the absence of a timely objection from the government." *United States v. Reyes-Santiago*, 804 F. 3d 453, 458 (1st Cir. 2015).

2. Fed. R. App. P. 2 provides that this Court may for "good cause" suspend any provision of the rules.

3. The State of New Hampshire did not participate in any way in the federal proceedings below, nor did *any* counsel for the State of New Hampshire even enter *any appearance* until January 21, 2025 in these federal proceedings.

4. Consequently, there has been no *timely* objection from the government to this appeal.

5. Ms. Berard has explicitly requested, on multiple occasions, that she be provided with the assistance of professional counsel in her case.[1]

6. However, Ms. Berard has *never* been provided with the assistance of any professional counsel in her case, despite financially qualifying for such assistance, *and* underlined requesting it.

7. Moreover, the New Hampshire Supreme Court has declined to provide appellate review of Ms. Berard's status of counsel, on the grounds that it asserts such appellate review is discretionary.

8. Ms. Berard (who resides in Massachusetts) alleges that it is the systematic statewide policy of the State of New Hampshire and its Judicial Branch completely to disregard the constitutional rights of defendants in proceedings brought under NH Rev Stat § 173-B (2024).

9. Ms. Berard alleges that it is the systematic statewide policy of the State of New Hampshire and its Judicial Branch *instead* to conduct such "star chamber" proceedings under NH Rev Stat § 173-B (2024) as have been described by the Fifth Circuit Court of Appeals in *United States v. Rahimi, 61 F.4th 443, 445-46 (2023)*.

10. Consistent with the Fifth Circuit's description of "star chamber" trials wherein the constitutional rights of defendants are completely disregarded, Ms. Berard has already been forced by the State of New Hampshire to undergo two *different* "trials" – with a third now scheduled[2] – because the State of New Hampshire and its Judicial Branch have been unable to achieve the desired pre-determined outcome consistent with NHJB policies and NHJB judicial training that defendants in civil or criminal state domestic violence proceedings must *de-facto* be presumed guilty until proven innocent in a complete reversal of traditional American jurisprudence.

---

1 *See, e.g.*, Ms. Berard's correspondence dated October 31, 2024 sent to the New Hampshire Public Defender's Office, and docketed by this Court on November 4, 2024. *See also* Ms. Berard's *Motion for Court Appointed Private Counsel at State Expense* (Index #20) docketed on July 9, 2024 in the state court. *See also* the *Motion to Address Status of Counsel* (Index #85) filed in the state court on December 19, 2024, by Ms. Berard's non-attorney representative per NH Rev Stat § 311:1 (2024). The state court has declined to rule on either motion; both remain pending.

2 *See* state trial court case summary, No. 441-2024-CR-00353, as of January 22, 2025 at 3:58 P.M. Multiple *separate* trials were already held on July 10, 2024 and November 13, 2024; a third *separate* trial is now scheduled for February 13, 2025.

11. Ms. Berard has been unable to comply with various deadlines because she has systematically been denied the effective assistance of professional counsel, despite explicitly requesting same from the state courts and New Hampshire Public Defender's Office. *See, e.g.*, *Strickland v. Washington*, 466 U.S. 668 (1984).

12. The United States Supreme Court has held that the right to counsel is fundamental to a fair trial and applies to state prosecutions via the Fourteenth Amendment. Denial of this right constitutes structural error, requiring reversal without a showing of specific prejudice. *Gideon v. Wainwright*, 372 U.S. 335 (1963).

13. The United States Supreme Court has further recognized a defendant's right to self-representation but emphasized that this right must be knowingly and voluntarily exercised. A court forcing a defendant to proceed *pro se* after requesting counsel violates the Sixth Amendment. *Faretta v. California*, 422 U.S. 806 (1975).

14. This Court should construe Ms. Berard's October 31, 2024 correspondence[3] liberally as a request for effective assistance of counsel. Pleadings filed by *pro se* litigants are to be construed liberally so as to do substantial justice. *Erickson v. Pardus*, 551 U.S. 89 (2007).

15. Denial of counsel during critical states of a criminal proceeding is structural error, requiring automatic reversal. *Penson v. Ohio*, 488 U.S. 75 (1988). Structural error is presumed when a defendant is denied counsel entirely, regardless of whether prejudice is shown. *United States v. Cronic*, 466 U.S. 648 (1983). While the right to appointed counsel does not extend to discretionary appeals, the denial of counsel in mandatory or critical stages of proceedings can warrant extraordinary remedies. *Ross v. Moffitt*, 417 U.S. 600 (1974).

16. For the foregoing reasons, this Court should not dismiss this appeal, and Ms. Berard should now be afforded effective assistance of professional counsel in the federal court system.

---

3  Docketed by this Court on November 4, 2024. A copy was also provided to the State of New Hampshire.

17. *Arguendo*, Ms. Berard explicitly requested that the federal district court set forth entry of judgment in a separate document. *See* ¶15 of Doc 5 filed in the federal district court.

18. The federal district court <u>has never entered judgment</u> pursuant to Fed. R. Crim. P. 32(k). Nor has the federal district court *ever* transmitted *any* orders or opinions to the state court.

19. Judgments are distinct from order(s) or opinions. *See, e.g.*, *Jackson Women's Health Organization v. Dobbs*, 945 F. 3d 265 (5th Cir. 2019) wherein Judge Ho concurred only in the judgment and not the opinion.

20. The Clerk of the federal district court has never transmitted any order(s) or judgment(s) to the state court.

21. Because the federal district court never issued any judgment to the state court, this appeal may also be construed as interlocutory.

22. If this Court construes this appeal as interlocutory, it should summarily remand the matter to the federal district court, order that Ms. Berard be afforded assistance of professional counsel, order that Ms. Berard be allowed to file an amended notice of removal in the federal district court, and reset all deadlines accordingly.

23. For the foregoing reasons, this Court also should not dismiss this appeal, and Ms. Berard should now be afforded effective assistance of professional counsel in the federal court system.

24. Because this pleading was prepared without the assistance of any professional counsel, it should be construed so "as to do substantial justice." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

WHEREFORE the Appellant Destinie L. Berard respectfully requests for this Court to:

    A) Not dismiss this appeal as untimely; and,

    B) Order that professional counsel be appointed to assist Ms. Berard; and,

    C) For all other such relief as is just and equitable.


Respectfully submitted,

*/s/ Destinie L. Berard*
_____
DESTINIE L. BERARD
*Pro Se*
46 Pond St.
Georgetown, MA 01833
(978) 518-0765
dlb12179@gmail.com

January 24, 2025.


## CERTIFICATE OF SERVICE

I, Destinie L. Berard, hereby certify that a copy of this pleading is being served to all counsel of record through the ECF system.

*/s/ Destinie L. Berard*
_____
DESTINIE L. BERARD

January 24, 2025