# THE STATE OF NEW HAMPSHIRE

10th Circuit – District Division – Hampton

State v. Destinie L. Berard

441-2024-CR-00353

## **Defendant's Motion for Court Appointed Private Counsel at State Expense**

NOW COMES the Defendant, Destinie L. Berard, *pro se*, and respectfully requests that this court order the State of New Hampshire to pay for private criminal defense counsel who is dual licensed in both Massachusetts and New Hampshire to assist Defendant; and, in support thereof, further states:

1. The Defendant, Destinie L. Berard, is a resident of Massachusetts.

2. The State of New Hampshire's alleged victim is Massachusetts Police Officer Patrick Szymkowski, who is employed by the Salisbury, MA Police Department.

3. The Defendant, Destinie L. Berard, has filed a financial affidavit (Index #13) with this court so as to inform this court whether she has the ability to pay for an attorney.

4. The Commonwealth of Massachusetts <u>regularly</u> pays for court-appointed <u>private</u> attorneys who accept appointments to defend criminal defendants.

5. Consequently, any failure by the State of New Hampshire to pay for a <u>private</u> criminal defense attorney for Defendant would violate Defendant's federal constitutional rights under the federal Due Process and Equal Protection clauses.

6. The Sixth Amendment requires that an attorney be provided to criminal defendants who are unable to afford their own. *Gideon v. Wainwright*, 372 U.S. 335 (1963). The Sixth Amendment also provides a right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668 (1984).

7. <u>Article 15</u> of the New Hampshire State Constitution provides a similar, but broader right. The 1966 amendment to Article 15 covers a broader range of

criminal defendants than are granted a right to counsel by the Sixth and Fourteenth Amendments. <u>State v. Scarborough</u>, 124 N.H. 363, 368 (1983). <u>Article 15</u> also requires effective assistance of counsel. <u>State v. Cable</u>, 168 N.H. 673, 680 (2016).

8. All affirmative defenses set forth in *Defendant's Notice of Affirmative Defenses*, filed concurrently with this pleading, are incorporated here by reference herein, the same as if plead in full.

9. Because Defendant filed her *Notice of Affirmative Defenses* pro se, it should be so construed as to do substantial justice. <u>Erickson v. Pardus</u>, 551 U.S. 89 (2007).

10. On or about September 28, 2022, a probable cause hearing <u>concerning the same allegations Defendant is now charged with</u> was held in Peabody District Court in Massachusetts.

11. Consequently, Defendant requires a criminal defense attorney who is also licensed in Massachusetts to obtain and review the relevant record, from the Peabody District Court in Massachusetts.

12. Many relevant witnesses that Defendant may wish to depose as part of discovery, or call as witnesses at trial, are Massachusetts police officers.

13. For this reason, Defendant also requires a criminal defense attorney who is dual licensed in Massachusetts and New Hampshire.

14. In the alternative, the Defendant has not yet received <u>any</u> response or assistance whatsoever from the New Hampshire Public Defender (NHPD), despite *having already proactively sent <u>some</u> relevant materials* to the NHPD she obtained by means of a "Right to Know" (<u>RSA 91-A</u>) request.

15. Consequently, Defendant has not received effective assistance of counsel from the New Hampshire Public Defender.

16. For the foregoing reasons, this court should order the State of New Hampshire to pay for private criminal defense counsel who is dual licensed to practice in both Massachusetts and New Hampshire so as to provide Defendant with effective assistance of counsel.

WHEREFORE, the Defendant respectfully requests for this Court to provide the following relief:

A) To order the State of New Hampshire to pay for private criminal defense counsel who is dual licensed to practice in both Massachusetts and New Hampshire to assist Defendant; and,

B) To grant any other relief as this Court deems just and equitable.

Respectfully submitted,

*[signature]*

DESTINIE L. BERARD
*Pro Se*
46 Pond St.
Georgetown, MA 01833
(978) 518-0765

July 6, 2024

## CERTIFICATE OF SERVICE

I, Destinie L. Berard, certify that a copy of this *Motion* will be sent via first class postal mail to John Ventura, Esq., counsel for the State of New Hampshire.

*[signature]*

DESTINIE L. BERARD

July 6, 2024