# THE STATE OF NEW HAMPSHIRE

10th Circuit – District Division – Hampton

State v. Destinie L. Berard

441-2024-CR-00353

## Motion to Address Status of Counsel

NOW COMES Dana Albrecht, Ms. Berard's non-attorney representative, and states:

1. On July 16, 2024 this Court (Pendleton, J) ordered that:

   Case 1:24-cr-00038-JL-TSM   Document 7-1   Filed 10/11/24   Page 2 of 2

   > The Court as to the Defendant's Motion for Court Appointed Private Counsel at State Expense, shall schedule that for a hearing as soon as practical.
   >
   > So Ordered,
   >
   > 7/16/2024
   > Date
   >
   > Judge John Pendleton

2. However, the Clerk has never scheduled any hearing "as soon as practical" pursuant to this Court's July 16, 2024 Order.

3. Mr. Albrecht does not know the precise reason(s) the Clerk never scheduled any hearing "as soon as practical" pursuant to this Court's July 16, 2024 Order.

4. Ms. Berard has a procedural and substantive "due process" right under the state and federal constitutions to call the Clerk as a witness concerning any reason(s) for the Clerk's scheduling of hearing(s) or non-scheduling of hearing(s) to address claims they have been unfairly prejudicial against Ms. Berard.

5. Ms. Berard also has a procedural and substantive "due process" right under N.H. Const. Pt I., Art. 14; N.H. Const Pt. I, Art. 15, and the Fourteenth Amendment to a timely evidentiary hearing on her Motion for Court Appointed Private Counsel at State Expense. *See*, e.g., State v. Brouillette, 166 N.H. 487 (2014).; State v. Scarborough, 124 N.H. 363, 368 (1983); State v. Cable, 168 N.H. 673, 680 (2016); Barker v. Wingo, 407 U.S. 514 (1972).

6. When deciding issues raised under Article 14 in criminal cases, the New Hampshire Supreme Court has adopted the four-factor analysis in *Barker* for analyzing speedy trial claims under the Sixth Amendment; namely, **(1)** the length of the delay, **(2)** the reason(s) for the delay; **(3)** the Defendant's assertion of Right; and **(4)** any prejudice against the Defendant, or harm caused by the delay. State v. Colbath, 130 N.H. 316 (1988).

7. While it should be construed from Ms. Berard's prior pleadings[1] that she has waived her right to any speedy trial on the merits, Ms. Berard has not waived her right to the timely adjudication of her Motion for Court Appointed Private Counsel at State Expense (Index #20).

8. The delay in hearing Ms. Berard's Motion for Court Appointed Private Counsel at State Expense (Index #20) has been unfairly prejudicial against both Ms. Berard and Mr. Albrecht.

9. Other criminal defendants in New Hampshire have been afforded representation by private professional counsel, despite that they explicitly did not agree to certain provisions set forth in the relevant New Hampshire Judicial Branch Forms.[2] *See*, e,g, State of New Hampshire v. Nicholas Ranaldi, No. 430-2023-CR-00661.

10. Ms. Berard and Mr. Ranaldi are similarly situated individuals, in that they both are (or were) indigent criminal defendants being prosecuted (and persecuted) by the State of New Hampshire.

---

1  *See*, e.g. June 26, 2024 Motion to Continue (Index #14); October 15, 2024 Motion to Continue (Index #30); November 8, 2024 *Ex Parte* Motion to Continue (Index #40).
2  *See*, e.g., *Affidavit & Application for Court Appointed Counsel* [NHJB Form NHJB-2313-F (08/04/2020)] and *Request for a Lawyer* [NHJB Form NHJB-4044-DSSUPe (03/01/2024)] forms.

11. However, Ms. Berard and Mr. Ranaldi have been afforded radically different treatment in violation of the equal protection provisions of the New Hampshire State Constitution. *See*, e.g., N.H. Const. Pt. I, Art. 10; *Opinion of the Justices*, 144 N.H. 374 (1999), citing *State v. Pennoyer*, 65 N.H. 113 (1889).

12. Pursuant to the terms of Mr. Albrecht's representation of Ms. Berard under RSA 311:1, either Mr. Albrecht or Ms. Berard may terminate Mr. Albrecht's representation of Ms. Berard at any time. *See* Power of Attorney (Index #44).

13. Mr. Albrecht is not a licensed attorney and has no formal training in the law. While Ms. Berard has never indicated to Mr. Albrecht that she is dissatisfied with his performance, this does not imply that Ms. Berard *might* not be better served by professional counsel. *Cf*. *Strickland v. Washington*, 466 U.S. 668 (1984).

14. In particular, on November 21, 2024, this Court ordered (Index #55) that:

    **In her pending motions, Defendant has raised the issue of "Double Jeopardy" on more than one occasion. See Defendant's Notice of Affirmative Defenses (Index #21) and Defendant's Expedited Motion in Limine (Index #42). She claims to have been placed in jeopardy of a criminal conviction on the same facts in Massachusetts, precluding New Hampshire from proceeding in this matter without violating her constitutional rights. See *State v. Hogg*, 118 N.H. 262, 267 (1978) (barring local prosecution of matters placing a defendant in jeopardy in a separate jurisdiction). If the Defendant prevails on that issue, no trial would be necessary.**

    **In the interest of judicial economy, the court will hold a pre-trial hearing to make a record sufficient to determine the merits of this defense. The parties are invited to submit memoranda in support of their positions at least ten (10) days in advance of the hearing.**

15. Ms. Berard has a right under both the Fifth and Sixth Amendment to be assisted by professional counsel, either *instead of* or in addition to Mr. Albrecht's efforts, to prepare any such memoranda. *Gideon v. Wainwright*, 372 U.S. 335 (1963); *Montejo v. Louisiana*, 556 U.S. 778 (2009).

16. For the foregoing reasons, it is necessary for this Court to address status of counsel prior to requiring any submission of such memoranda to this Court.

17. Despite that, for the reason(s) set forth in prior pleadings, Ms. Berard's trial on the merits has already been held (and has concluded) on November 13, 2024, the issue is not moot, as it is "capable of repetition, yet evading review." *See*, *e.g.*, [State v. Luwal, 175 N.H. 467 (2022)](); [So. Pac. Terminal Co. v. Int. Comm. Comm., 219 U.S. 498 (1911)]().

18. Further, even though Ms. Berard's trial on the merits was already held (and concluded) on November 13, 2024, this does not necessarily obviate the need for any post-trial memoranda, motion(s), or hearing(s).

19. For the foregoing reasons, this Court should therefore schedule an evidentiary hearing on Ms. Berard's Motion for Court Appointed Private Counsel at State Expense (Index #20) as the next event on the docket, prior to any other hearing.

WHEREFORE, Mr. Albrecht respectfully requests for this Court to provide the following relief:

A) To schedule an evidentiary hearing on Ms. Berard's Motion for Court Appointed Private Counsel at State Expense (Index #20) as the next event on the docket consistent with ¶¶1-19, *supra*; or,

B) To set forth the reason(s) for its decision in a written narrative order; and,

C) To grant any other relief as this Court deems just and equitable.

Respectfully submitted,

_____
DANA ALBRECHT
    *Per RSA 311:1*
131 Daniel Webster Hwy #235
Nashua, NH 03060
dana.albrecht@hushmail.com
(603) 809-1097

December 19, 2024

## CERTIFICATE OF SERVICE

I certify that I have sent a copy of this Motion, first class, postage-prepaid, to:

| | |
|---|---|
| John Ventura, Esq. | Deanna Campbell, Esq. |
| Seabrook Police Department | New Hampshire Public Defender |
| 7 Liberty Lane | 142 Portsmouth Ave, Ste. 1 |
| Seabrook, NH 03874 | Stratham, NH 03885 |

_____
DANA ALBRECHT

December 19, 2024